

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-24-00359-CR

MARIA RODRIGUEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. DC-2024-CR-2330, Honorable Douglas H. Freitag, Presiding

March 24, 2026

MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Maria Rodriguez, appeals from her conviction for reckless aggravated robbery.[1]  The State charged Appellant with aggravated robbery with a deadly weapon, alleging she caused the death of a store employee who jumped onto the hood of her vehicle as she fled with stolen merchandise.  A jury convicted her of the lesser-included offense of reckless aggravated robbery.  In two issues, Appellant argues that the trial

---

[1] TEX. PENAL CODE § 29.03.

court erred in submitting the lesser-included offense and that this error prevented her from pursuing a theory of self-defense. We affirm.

## BACKGROUND

On July 8, 2022, Appellant drove a Cadillac Escalade to Lluvia's Imports, a retail shop located at the corner of 34th Street and University Avenue in Lubbock. While the vehicle was running, Appellant exited the SUV and removed a bag of Tide laundry detergent and a jug of Suavitel fabric softener from an outdoor display directly in front of the shop's doors. The store manager testified that the retail value of the items was approximately fifty to fifty-five dollars.

Michael Rozboril, an employee who was taking care of the store while the manager was out of town, confronted Appellant as she attempted to flee with the items. As Appellant hurriedly began to drive away, Rozboril jumped onto the hood of the SUV. Appellant initially reversed and paused the vehicle. Rozboril used a small magnetic flashlight to strike the windshield several times.[2]

Appellant then accelerated onto 34th Street and turned right onto Avenue X with Rozboril still clinging to the hood. At the intersection of 35th Street and Avenue X, where the road surface contains a significant dip, the SUV descended and Rozboril fell from the vehicle into the street. Leonard Gonzales, an eyewitness stopped at a stop sign at the intersection, testified that the Escalade kept going and did not stop.

---

[2] In a subsequent police interview, Appellant claimed she was terrified and believed the flashlight was actually a knife.

2

Emergency personnel arrived on scene within minutes and found Rozboril lying face down in a large pool of blood. A paramedic testified that Rozboril was very pale and had blood coming out of his left ear. The paramedic observed that Rozboril's flashlight appeared to be on and was still in his hand when personnel arrived. EMS checked his carotid artery for a pulse and found none. Rozboril was pronounced dead at the scene.

Appellant was arrested two days later. She waived her rights and spoke to police in a video-recorded interview where she admitted to being the one who took the items from the store.

Dr. Stacey Murthy, a medical examiner at the Tarrant County Medical Examiner's Office, performed an autopsy and testified at trial. Dr. Murthy determined that the cause of death was blunt force injuries, including a skull fracture extending from one side of the skull base to the other. The manner of death was homicide. Dr. Murthy clarified that in the forensic pathology field, homicide means the death occurred at the hands of another. She confirmed that Rozboril's injuries were consistent with being thrown or falling from the hood of a moving vehicle.

Appellant was initially charged with murder. Two weeks before trial, the State amended the indictment to aggravated robbery with a deadly weapon. At the close of evidence, the trial court included instructions for the lesser-included offense of reckless aggravated robbery. The jury found Appellant guilty of this lesser offense.

3

Lesser-Included Offense

In her first issue, Appellant argues the trial court erred by adding the lesser-included charge of reckless aggravated robbery. She contends that the only mention of recklessness at trial was an offhand comment by an officer during her police interview, which the trial court cited as the basis for its ruling. She further maintains that no other evidence supports reckless aggravated robbery as a lesser-included offense. We disagree.

As a threshold matter, Appellant candidly acknowledges that reckless aggravated robbery is a lesser-included offense of intentional and knowing aggravated robbery, and that the trial court has the authority to include a lesser-included offense sua sponte. *See Tolbert v. State*, 306 S.W.3d 776, 781 (Tex. Crim. App. 2010). We therefore must decide whether some evidence in the record would permit a rational jury to find Appellant guilty only of the lesser-included offense. *See Hicks v. State*, 372 S.W.3d 649, 652 (Tex. Crim. App. 2012).[3]

The charge instructed the jury that a person commits reckless aggravated robbery if, "in the course of committing theft, and with intent to obtain or maintain control of the

---

[3] A jury-charge-claim analysis involves two steps. First, we determine whether the charge is erroneous. Second, if it is erroneous, we must decide whether the appellant was harmed. *Alcoser v. State*, 663 S.W.3d 160, 165 (Tex. Crim. App. 2022); *Wooten v. State*, 400 S.W.3d 601, 606 (Tex. Crim. App. 2013). Harm is determined by reviewing "the entire jury charge, the state of the evidence, including the contested issues and weight of the probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Alcoser*, 663 S.W.3d at 165. Because the lesser-included offense was legally supported, the only question is whether evidence allowed a rational jury to convict Appellant of the lesser offense. *Sanchezmachado v. State*, No. 02-19-00172-CR, 2020 Tex. App. LEXIS 5229, at *3 (Tex. App.—Fort Worth June 11, 2020, no pet.) (citing *Hicks*, 372 S.W.3d at 652).

property, she recklessly causes serious bodily injury to another person." The charge defined reckless conduct as occurring when a person:

> is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.

Establishing an individual's mental culpability typically requires inferring it from the surrounding circumstances of the prohibited act or omission. *Nicholson v. State*, 594 S.W.3d 480, 487 (Tex. App.—Waco 2019), *aff'd*, 682 S.W.3d 238 (Tex. Crim. App. 2024). A jury may infer that a defendant intends the natural consequences of her acts. *Walker v. State*, No. 02-23-00196-CR, 2024 Tex. App. LEXIS 4868, at *18 (Tex. App.—Fort Worth July 11, 2024, no pet.) (mem. op., not designated for publication). A jury may also infer a defendant's recklessness from any facts tending to prove its existence, including the method of committing the crime and the accused's acts, words, and conduct. *Nicholson*, 594 S.W.3d at 487.

Upon review of the record, we do not find the charge was erroneous. Surveillance videos presented to the jury showed Appellant's actions, including how she handled the encounter with Rozboril and how and where she was driving when he was on the hood of the SUV. In her police interview, Appellant made several statements from which the jury could infer recklessness. She admitted that when she took the detergent and fabric softener, she did not intend to pay for them. When she returned to the SUV, she left without paying. She stated that she did not brake or slow down while Rozboril was on the hood because she was trying to get away. She acknowledged that it was dangerous

5

for someone to hold on to a hood while the car was driving. And she knew that when Rozboril fell off, he would be injured, yet she did not slow down or stop when he fell.

Given this evidence, the trial court did not abuse its discretion by including the lesser-included offense in the jury charge. Submission of a lesser-included offense should be included if (1) the requested offense is in fact a lesser-included offense of the charged offense, and (2) there is some evidence in the record that would permit a rational jury to find that, if the defendant is guilty, she is guilty only of the lesser-included offense. *Ransier v. State*, 670 S.W.3d 646, 651 (Tex. Crim. App. 2023). Here, there was at least some evidence from which a rational jury could have found that Appellant acted with a lesser culpable mental state. Accordingly, the trial court acted within its discretion in submitting the lesser-included offense.

We overrule Appellant's first issue.

Self Defense

In her second issue, Appellant argues that the trial court's alleged error in including reckless aggravated robbery in the jury charge prevented her attorneys from properly strategizing during the guilt-innocence phase to meet the acceptance of *mens rea* required under the self-defense statute. Her argument appears to be that if she had known reckless aggravated robbery would be submitted to the jury, she could have admitted to acting recklessly and thereby become entitled to a self-defense instruction. She contends this denied her right to due process, a fair trial, and effective representation under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, Section 19 of the Texas Constitution. Because Appellant was not entitled to a

6

self-defense instruction, we hold that the inclusion of the lesser-included offense did not deprive her of any constitutional right.

It is well-established under Texas law that a "robber has no right of self-defense against his victim." *Westley v. State*, 754 S.W.2d 224, 230 (Tex. Crim. App. 1988); *Cervantes v. State*, No. 07-14-00391-CR, 2015 Tex. App. LEXIS 5829, at *5 n.2 (Tex. App.—Amarillo June 9, 2015 no. pet.) ("a robber has no right of self-defense against his victim. This is especially true when the victim is justified in acting to recover his property, prevent the offense or save another person.") The Texas Court of Criminal Appeals has characterized the notion as "ludicrous." *Westley*, 754 S.W.2d at 230.

Appellant argues that because the underlying theft would be a Class C misdemeanor, she should not be barred from claiming self-defense. We find no support in the Texas Penal Code for this proposition under these circumstances. Section 9.31(a)(3) of the Texas Penal Code potentially creates an exception for *traffic-related* Class C misdemeanors, but that statutory exception does not apply here.

Because Appellant had no right to a self-defense instruction, we overrule Appellant's second issue.

## CONCLUSION

Having overruled Appellant's issues, we affirm the trial court's judgment.

Lawrence M. Doss
Justice

Do not publish.

7